UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CMS ENERGY SECURITIES
LITIGATION

_____/

Case No. 02-CV-72004

HON. GEORGE CARAM STEEH

IN RE:

CMS ENERGY ERISA LITIGATION

_____/

Case No. 02-CV-72834

HON. GEORGE CARAM STEEH

<u>ORDER OVERRULING DEFENDANT CMS ENERGY'S OBJECTIONS TO ORDER
GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF "SPECIAL
COMMITTEE REPORT" (CASE NO. 02-72004, DOC. # 209; CASE NO. 02-72834,
DOC. # 159) AND DENYING DEFENDANT'S MOTION TO STAY PRODUCTION OF
"SPECIAL COMMITTEE REPORT" AND RELATED DOCUMENTS
(CASE NO. 02-72004, DOC. # 221)</u>

Before the court are CMS Energy Corporation's ("CMS") objections to orders issued by Magistrate Judge Morgan on March 24, 2005, in each of the above-captioned cases.[1]  The matter has been fully briefed, and a hearing on the objections was set for June 7, 2005.  However, the court finds oral argument would not assist in its determination of this matter, and hereby enters its opinion and order as provided by E.D. Mich. LR 7.1(e)(2).

---

[1] Also pending is CMS' associated motion to stay production of the SIC Report, pending this court's review of the Magistrate's order in case no. 02-72004.  In accordance with this order, that motion is hereby DENIED.

The two orders at issue granted motions made by the plaintiffs, in each of the cases, to compel production of a certain CMS Special Investigative Committee Report ("SIC Report").  Plaintiffs had argued that CMS' reference to the SIC Report in a press release and disclosure of the SIC Report to government agencies under confidentiality agreements waived the otherwise applicable attorney-client privilege and work product immunity, pursuant to the Sixth Circuit precedent of In re Columbia/HCA Healthcare Corporation Billing Practices Litigation, 293 F.3d 289 (6th Cir. 2002) (hereinafter "Columbia"), and that plaintiffs were therefore entitled to its production in this case.  The magistrate granted that motion on the record, requiring CMS' production of the SIC Report pursuant to terms of the protective order in the ERISA case and "the proposed protective order in the Securities case."[2]

CMS objects to the ruling, pointing to pre-Columbia Sixth Circuit case law including In re Perrigo Co., 128 F.3d 430 (6th Cir. 1997), to argue generally that requiring disclosure is not in synch with the policies behind the attorney-client privilege and work product immunity doctrines.  CMS also argues that neither referencing *portions* of the SIC Report in press releases nor providing the report to government agencies should waive the protections here, and cites to out-of-circuit cases, and the dissent by Judge Boggs in the Columbia case, in support of its position.

This court's role in reviewing the decision of Magistrate Judge Morgan is to "modify or set aside any portion of the magistrate judge's order found to be clearly

---

[2] Although the captions of the pleadings on the motions, and these objections, refer to the SIC Report as well as "other documents," the court notes that Magistrate Judge Morgan's order addressed only the SIC Report (see pp. 29-32, March 21, 2005 transcript of proceedings), and accordingly, so does this order.

erroneous or contrary to law." Fed. R. Civ. P. 72. See 28 U.S.C. § 636(b)(1)(A). Despite the energetic arguments made by CMS, and parallels drawn between this case and cases following a "limited waiver" rule, it is crystal clear that the magistrate's order was neither clearly erroneous nor contrary to law. As found by the magistrate, under Columbia, the disclosure by CMS of the SIC Report to the SEC, the Commodity Futures Trading Commission, and the Department of Justice, waived the attorney-client privilege and work product immunity that would otherwise apply to protect CMS from disclosure of the document to plaintiffs. That case dictates that, in circumstances such as those present here, "once the privilege is waived, waiver is complete and final." Columbia, 293 F.3d 289, 307 (citing Westinghouse Electric Corp. v. Republic of the Phillippines, 951 F.2d 1414, 1429 (3rd Cir. 1991)). Because the magistrate's orders were so clearly in accordance with the law, and the court finds no factual distinction sufficient to allow the court to reject the binding authority of Columbia, the magistrate's orders are HEREBY AFFIRMED, and CMS' objections are overruled.

     IT IS SO ORDERED.

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

Dated: May 13, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 13, 2005, by electronic and/or ordinary mail.

                                  s/Josephine Chaffee
                                  Secretary/Deputy Clerk