UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CMS ENERGY SECURITIES LITIGATION,

Case No: 02-72004

HON. GEORGE CARAM STEEH

_____/

OPINION AND ORDER DENYING DEFENDANT CMS ENERGY CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court in this securities litigation is defendant CMS Energy's motion for judgment on the pleadings, brought pursuant to Fed. R. Civ. P. 12(c).[1] Defendant's motion for judgment on the pleadings argues for dismissal of plaintiffs' Third Amended Complaint ("TAC") on the basis of insufficient pleading of transaction and loss causation. For the reasons stated below and discussed at the hearing before this court on November 29, 2005, defendant's motion is DENIED. Additionally, as stated on the record and discussed below, plaintiffs' cross-motion for partial summary judgment is also DENIED.

STATEMENT OF FACTS

The facts of this matter have been described in several other orders, so only a brief description is required here. Plaintiffs allege that defendant CMS and its subsidiaries fraudulently inflated statements of revenue through a practice known as

---

[1] Although numerous defendants remain in this cause of action, only defendant CMS Energy brought the current motion, so the court's reference to the movant will be in the singular.

"round-trip" trading. This practice, as defined in the TAC, involves "nearly simultaneous, pre-arranged buy-sell trades of energy with the same counter-party, at the same price and volume, and over the same term, resulting in neither profit or loss to either transacting party." TAC, ¶ 83. In the context of the round-trip trading, plaintiffs allege that CMS issued a series of false financial statements which "served to defraud investors into purchasing CMS securities at artificially inflated prices." TAC, ¶ 96. Plaintiffs further allege that "Ultimately, the Company's disclosures of its fictitious revenues through its extensive round-trip trading (among other disclosures), caused the Company's stock price to plummet and investors to suffer enormous financial losses." TAC ¶ 99.

Defendant's motion before this court asserts that the plaintiffs do not properly allege either transaction causation or loss causation in the TAC. As a result, defendant asserts that they are entitled to judgment on the pleadings. In their cross-motion, plaintiffs seek partial summary judgment on the issue of damages. Essentially, the plaintiffs argue that they are entitled to any damages which were proximately caused by the defendant's challenged conduct. The court held oral arguments on these motions on November 29, 2005. As stated on the record, both defendant's and plaintiffs' motions were denied. This opinion and order gives additional reasoning for that determination.

## STANDARDS

### Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "is treated under the standards for motions to dismiss under Rule 12(b)(6) for failure to state a claim under which relief may be granted." Mueller v. Gallina, 311 F. Supp. 2d 606, 608 (E.D. Mich. 2004). Therefore, the court construes the complaint in the light most

favorable to the plaintiffs, and must "determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief." PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 680 (6th Cir. 2004) (citing Mayer v. Mylod, 988 F.2d 635, 637 (6th Cir. 1993)).

Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences therefrom must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see</u> <u>also</u> National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); <u>see</u> <u>also</u> McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

Defendant's Fed. R. Civ. P. 12(c) Motion

The pleadings in a cause of action alleging securities fraud are required to demonstrate two separate forms of causation. These are generally referred to as transaction causation and loss causation. Transaction causation essentially means that plaintiff has properly pled reliance on the actions of the defendant, which caused an artificial inflation in the cost of its securities. Basic, Inc. v. Levinson, 485 U.S. 224, 248-249 (1988). Loss causation, on the other hand, refers to the loss suffered by the company's investors which must be directly tied to the exposure of the company's fraudulent inflation of their securities prices. Dura Pharmaceuticals, Inc. v. Broudo, 125

S.Ct. 1627, 1633 (2005). In the present cause of action, CMS contends that the plaintiffs have not sufficiently pled either transaction causation or loss causation in the TAC.

In support of its motion for judgment on the pleadings, CMS offers the Supreme Court's recent decision in Dura Pharmaceuticals, Inc. v. Broudo. The parties here disagree as to the holding of Dura. Defendant argues the holding in Dura requires a securities fraud complaint include a heightened level of specificity as to the causal connection between the defendant's misrepresentations and the plaintiff's alleged loss. On the other hand, plaintiffs contend that Dura requires only a statement that plaintiff suffered a loss proximately caused by purchasing defendant's securities at a price artificially inflated by that defendant's conduct.[2]

This court concludes that the Supreme Court's decision in Dura was limited to addressing a portion of the Ninth Circuit's securities fraud jurisprudence. In that circuit, it had become accepted that a plaintiff could establish loss causation in the pleadings by merely asserting that the securities were purchased at an inflated price. Id., at 1631. This practice essentially negated the purpose of loss causation pleadings, as it did not require plaintiff to allege that defendant's conduct caused a financial loss to the plaintiff. As a result, the Supreme Court clarified the requirement of loss causation in Dura and explained that the plaintiff must plead that there was a causal connection between the loss suffered and the defendant's misconduct. Id., at 1634.

In Dura, plaintiffs brought suit against a pharmaceuticals manufacturer alleging

---

[2]Plaintiffs' position at oral argument was that the pleading standard under Dura is less stringent than that already applied by the court on the motion to dismiss. However, the Supreme Court's direction to the Ninth Circuit in Dura did not modify this court's view of loss causation pleadings.

5

securities fraud. Specifically, the plaintiffs alleged that the defendant corporation artificially inflated the cost of its stock through false statements which implied that the Food and Drug Administration was going to approve a new product that was developed by the pharmaceutical company. Id., at 1630. When the FDA did not approve the product for public sale, Dura Pharmaceuticals' stock price temporarily declined. Id.

At issue in Dura was whether or not plaintiffs properly alleged loss causation in the complaint. The complaint alleged that "in reliance on the integrity of the market [the plaintiffs]...paid artificially inflated prices for Dura securities" and the plaintiffs suffered "damage[s] thereby." Id., at 1630. The Ninth Circuit held that loss causation was sufficiently pled by the simple assertion that the stock was purchased at a price which was artificially inflated through the defendant's misrepresentations. Id. In reversing, the Supreme Court explained that "an inflated purchase price will not itself constitute or proximately cause the relevant economic loss." Id. Rather, a plaintiff must plead that the defendant's misrepresentation is causally linked to the economic loss suffered. Id., at 1633. A plaintiff who alleges that he or she purchased a security at an inflated price and suffered a loss on that purchase at some point in the future has not alleged that the loss was actually caused by the defendant's misrepresentation. Rather, the economic loss could have been caused by a downturn in the market that is wholly unrelated to the defendant's conduct. Id., at 1632.

The Supreme Court's opinion in Dura clearly explains that it does not modify the pleading requirements of Fed. R. Civ. P. 8(a)(2), which merely requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained that pleadings are intended to provide a

6

defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). It is the court's determination that the TAC in the litigation at bar adequately provides the defendant with such notice with regard to both transaction causation and loss causation.

As previously quoted in the statement of facts, TAC ¶ 99 states "[u]ltimately, the Company's disclosures of its fictitious revenues through its extensive round-trip trading (among other disclosures), caused the Company's stock price to plummet and investors to suffer enormous financial losses." It is clear that this pleading is substantially different from the pleading at issue in Dura, where plaintiff merely alleged that a loss resulted from artificially inflated stock prices. Id., at 1630. In this case, the plaintiffs specifically allege that the loss suffered was a direct result of CMS's disclosures of its practice of round-trip trading. As discussed at the hearing, the court previously considered this issue on defendants' motion to dismiss and is not convinced that Dura changes the outcome. Defendants remain on sufficient notice of plaintiffs' theory of loss causation, even under the light of Dura.

In addition to their reliance on Dura, defendant also asserts that the Sixth Circuit's recent decision in the Conaway case clarifies the requisite elements of loss causation pleading. In Conaway, the Sixth Circuit held that the plaintiffs, who had brought suit against the Kmart Corporation, did not fulfill the pleading requirements for loss causation as described in Dura. D.E. & J. Ltd. Partnership v. Conaway, 2005 WL 1386448 at *5. The court found that the plaintiffs' pleadings were inadequate as they did nothing more than allege that a loss occurred as a result of Kmart's announcement of bankruptcy, rather than allege a loss resulting from the market's acknowledgment of prior

7

misrepresentations made by the corporation. Id., at *5-6. As already stated, in the present case the plaintiffs specifically allege that the exposure of defendants' misrepresentations caused a drop in the stock price and a loss to the investors. Conaway, like Dura, requires nothing more.

CMS further contends that the holding in Dura can be applied to an analysis of transaction causation pleadings. The court, however, finds that such an extension of Dura is unwarranted, as Dura speaks in a very specific manner of loss causation pleadings, rather than both loss and transaction causation.

Transaction causation can also be accurately referred to as reliance. As stated by the Supreme Court, "where materially misleading statements have been disseminated into an impersonal, well-developed market for securities, the reliance of individual plaintiffs on the integrity of the market price may be presumed". Basic, 485 U.S., 246-247. Such a presumption is known as the fraud-on-the-market theory. However, as the defendants argue, this presumption may be rebutted "through any showing that severs the link between the alleged misrepresentation and...the price received (paid) by the plaintiff." Id., at 248.

As discussed at the hearing, defendant attempts to rebut this presumption by demonstrating that the price of CMS stock did not drastically increase on any of the days on which the allegedly fraudulent statements were made public. The court is not persuaded that the link between defendants' allegedly fraudulent statements and plaintiffs' decision to purchase CMS stock is severed by a mere showing that the stock prices did not immediately and drastically increase in response to the statements. Although the price of CMS stock did not drastically increase on the very days allegedly

fraudulent statements were made public, the court notes there is no context offered in connection with CMS's static prices. In order to determine the full impact release of financial statements had on the value of CMS securities, an in-depth factual analysis would be required. Such an analysis would be improper at this juncture. For the reasons stated above, as well as those given at the November 29, 2005 hearing, defendant's motion is denied.

Plaintiffs' Motion for Partial Summary Judgment

In response to defendant's motion, plaintiff's brought a cross-motion for partial summary judgment, on the issue of damages, citing to Central States, Southeast and Southwest Areas Pension & Health & Welfare funds v. McNamara Motor Express, Inc., 503 F. Supp. 96 (W.D. Mich 1980) for support. The Central States case is easily distinguished from the case before this court. In Central States, the defendants did not dispute they owed plaintiffs $112,800. As a result, plaintiffs moved for partial summary judgment with respect to the owed amount, and the defendants did not oppose the motion. While the court granted the motion, it noted that the judgment could not be enforced until disposition of the entire action. Id. at 99.

In the present case, unlike the Central States case, defendants vigorously dispute their liability for the sought after damages. Furthermore, unlike in Central States, the damages sought by the plaintiffs have not yet been quantified and the parties dispute the class period that should be used in determining said damages. For the reasons stated on the record, as well as those stated above, the court finds that genuine issues of material fact remain in dispute on this issue, and partial summary judgment on the issue of damages is not appropriate under Fed. R. Civ. P. 56.

CONCLUSION

Because the plaintiffs' pleadings of loss causation meet the requirements of the Federal Rules of Civil Procedure, as well as Dura, and because the presumption of reliance created by the fraud-on-the-market theory has not been rebutted at this juncture, defendant's motion for judgment on the pleadings is DENIED.  In addition, because there are genuine issues of material fact relating to the issue of damages, and because defendant has not yet been found liable for any damage that may have been caused, plaintiffs' motion for partial summary judgment is also DENIED.

IT IS SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2005

CERTIFICATE OF SERVICE

Copies of this order were served on the attorneys of record on December 7, 2005, by electronic and/or ordinary mail

s/Josephine Chaffee
Secretary/Deputy Clerk