UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

                               Civil No. 02-CV-72004-DT

                               HON. GEORGE CARAM STEEH

CMS ENERGY
SECURITIES LITIGATION

_____/

<u>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S CLASS CERTIFICATION DECISION (DOCUMENT # 351) AND GRANTING CMS' MOTION FOR MODIFICATION OF SCHEDULING ORDER TO INCORPORATE EXPERT DISCOVERY (DOCUMENT # 378)</u>

      Two motions are pending in this case: plaintiffs' motion for reconsideration of an aspect of the court's class certification order, and defendant CMS' motion for modification of the scheduling order regarding expert discovery. The motions are addressed in that order, below.

<u>Motion for Reconsideration</u>

      Plaintiffs' motion for reconsideration of the court's class certification order requests amendment of that ruling to the extent the court declined to include purchasers of CMS Energy Corporation 8.75% Adjustable Convertible Trust Securities from the certified plaintiff class.

      A court does not grant a motion for reconsideration if it presents only the "same issues ruled upon by the court, either expressly or by reasonable implication;" rather, the movant must demonstrate not only that the court and parties were misled by palpable error, but that correction of the defect will change the disposition of the case.

E.D. Mich. LR 7.1(g)(3).  Plaintiffs cite to a decision of this court for reasons motions for reconsideration are granted: "1) an intervening change in law; 2) evidence not previously available has become available; or 3) the necessity to correct a clear error of law or prevent manifest injustice." Direct TV, Inc. v. Karpinsky, 274 F.Supp. 2d 918, 920 (E.D. Mich. 2003).  The court invited both a response and a reply to the motion for reconsideration, which it has fully considered in making its ruling, below.

Plaintiffs point to the court's ruling of March 24, 2006, in which it did not include ACTS purchasers in the certified class, for reasons including the court's finding that they "are similar to" Rock Capital, a purchaser of CMS Premium Equity Participating Security Units (PEPS), whose asserted claims were dismissed on an earlier motion to dismiss. Plaintiffs distinguish ACTS purchasers from purchasers of PEPS, stating they are "manifestly dissimilar," and that the court's decision to exclude ACTS purchasers on the ground that they are similar to PEPS purchasers was erroneous.  Specifically, plaintiffs point to four reasons the court gave in support of its decision to exclude PEPS purchasers (lack of standing; failure to comply with PSLRA Lead Plaintiff provisions; claims not asserted at the outset of the litigation; and claims invoked different provisions of the 1933 Act), and assert none is true with regard to ACTS securities.  They contend it is "unmistakable that preferred stock purchasers have been part of the proposed Class from the outset of this litigation," as "at least one of the original actions was filed by a preferred stock purchaser, as explicitly stated in his certification," "preferred stock purchasers filed a lead plaintiff motion," and the claims concerning the preferred stock are identical to those concerning the common stock.

The court has now combed the record concerning this matter.  Plaintiffs emphasize that defendants have been on notice since the beginning of the litigation that the "preferred" ACTS shares, traded on the NYSE under the symbol CMP, were also the subject of claims in the case.  Specifically, plaintiffs now point to one of the initial, consolidated complaints filed by Bruce Hansby, # 02-72061, against CMS which specifically identified the CMP securities which, by definition, has been a part of the record in this case since its outset.  The court also acknowledges its participation in the September 10, 2002 discussion on the record, highlighted by plaintiffs' brief, in which the court inquired about the "Gordon Group," which withdrew its motion for lead plaintiff as the result of an agreement with counsel for the Andover Brokerage/Steiger movants, and the Gordon Group's counsel's disclosure of its term "that we will have a say, a voice in any allocation as between the common stock and the preferred stock if there is indeed a settlement in this case."  Transcript of September 10, 2002 Lead Counsel motion hearing, p. 61.

The court notes that the discussion cited to above, on September 10, 2002, *predated* the court's September 24, 2002 order in which it consolidated and dismissed the multiple individual complaints which were the origin of the class action now being litigated, including that of Bruce Hansby, # 02-72061.  It was only after that order that an amended, consolidated complaint was filed, which plaintiffs do not dispute did not mention purchasers of ACTS, but instead referred to "securities," with specific information addressing common stock prices.  This did not change with later iterations of plaintiffs' claims in subsequent amended complaints.  As defendants point out, quoting from their original argument on the motion for class certification,

3

> [t]he operative complaint in this action, which was filed as recently as March 2005, does not even mention ACTS, much less allege the nature of the securities, whether they were available on an open and efficient market (and, if so, when), how they were impacted by the defendants' alleged wrongdoing, how such securities were priced, or what type of harm, if any, purchasers of such securities suffered. The Amended Class Certification Motion provides little more.

CMS's Brief in Opposition to Plaintiffs' Motion for Reconsideration, p. 7, quoting from CMS's Opposition Brief, p. 19. Any hypothetical discussion on the record with counsel for the Gordon Group movant, whose motion for lead plaintiff was ultimately voluntarily dismissed, cannot be said to have memorialized claims of ACTS purchasers, concerning whom no specific claims were pled in any of the later complaints.

The court is not convinced that it has been misled by palpable error, or that it is here required to correct a "clear error of law or prevent manifest injustice." Accordingly, plaintiffs' motion for reconsideration will be denied.

<u>CMS' Motion for Modification of Scheduling Order to Incorporate Expert Discovery</u>

In this motion, CMS requests modification of the current scheduling order, which does not state any cutoff dates for expert disclosures or discovery. CMS asks that the court allow each side to designate experts, produce reports and conduct expert discovery sufficiently in advance of the dispositive motion cutoff, so that such information can be included in the dispositive motion briefing. CMS also proposes that summary judgment proceedings be approached in a two-tier fashion, with the defense moving for summary judgment on issues that do not involve expert testimony (CMS gives the example of scienter) "shortly after the close of fact discovery," and later on those issues involving expert discovery, such as artificial price inflation and proximate causation.

Plaintiffs' response opposes the two-tiered dispositive motion approach, arguing it will be burdensome and that CMS' proposed dates for expert disclosure deadlines (the first of which has already passed) are "prejudicial" to plaintiffs.  Plaintiffs propose an alternative modification of the scheduling order in the case.

Currently, the dispositive motion deadline is July 31, 2006, the final pretrial conference is scheduled for December 11, 2006, and trial is scheduled for early 2007.  CMS' proposed dates do not change the pre-trial or trial dates in the matter.  However, as noted above, CMS' earliest proposed deadlines have already passed.  The court is concerned about extending the pre-trial and trial dates; however, plaintiffs' proposed schedule seems to be a realistic one, and the court agrees with plaintiffs concerning the burdens of a two-tiered summary judgment approach.  For these reasons, the court hereby adopts plaintiffs' proposed schedule:

- The parties shall identify experts and serve expert reports 60 days after the final determination by the Sixth Circuit on class certification issues, that being August 15, 2006.
- The parties shall make expert witnesses available for deposition at mutually agreeable dates, times and places up to 30 days after the issuance of the expert reports.
- The parties shall identify rebuttal experts and serve rebuttal reports no later than 15 days after the close of discovery relating to the initial expert reports.
- The parties shall make rebuttal expert witnesses available for deposition at mutually agreeable dates, times and places up to 30 days after the issuance of the expert rebuttal reports.

- The parties shall exchange witness lists 7 days after the close of discovery on rebuttal reports, or by November 8, 2006.

- Dispositive motions shall be due on or before December 8, 2006.

- The final pretrial order is due March 6, 2007.

- The pretrial conference will be held March 13, 2007 at 2:00 p.m.

- Trial in this matter shall commence March 27, 2007 at 9:00 a.m.

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated:  June 21, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 21, 2006, by electronic and/or ordinary mail.

        S/Josephine Chaffee
        Secretary/Deputy Clerk