# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

――――――――――――――――――――――x
IN RE CMS ENERGY SECURITIES    : Civil No. 02 CV 72004 (GCS)
LITIGATION                      : (Consolidated)
                                :
                                : HON. GEORGE CARAM STEEH
                                :
                                :
――――――――――――――――――――――x

### PLAINTIFFS' MOTION TO STRIKE AND TO PRECLUDE DEFENDANTS FROM RELYING ON REBUTTAL REPORTS OF CYRIL MOSCOW AND DAVID TABAK

ENTWISTLE & CAPPUCCI LLP
Vincent R. Cappucci
Steven D. Oestreich
Robert N. Cappucci
William W. Wickersham
280 Park Avenue
New York, New York 10017
(212) 894-7200

ELWOOD S. SIMON & ASSOCIATES, P.C.
Elwood S. Simon
355 South Old Woodward Ave.
Suite 250
Birmingham, Michigan 48009
(248) 646-9730

MILBERG WEISS BERSHAD &
SCHULMAN LLP
Robert A. Wallner
Clifford S. Goodstein
Todd Kammerman
One Pennsylvania Plaza
New York, New York
(212) 594-5300

THE MILLER LAW FIRM, P.C.
E. Powell Miller
Marc L. Newman
950 West University Drive
Suite 300
Rochester, Michigan 48307
(248) 841-2200
www.millerlawpc.com

*Co-Lead Counsel For Plaintiffs*          *Co-Liaison Counsel For Plaintiffs*

October 6, 2006

Lead Plaintiffs, by their undersigned counsel, respectfully move, pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 702, for an Order (i) striking the rebuttal reports of Cyril Moscow and David Tabak and (ii) precluding defendants from relying upon those reports or any opinions expressed therein, and for such other relief as may be just and proper.

Pursuant to Local Rule 7.1(a), concurrence in the relief requested was sought on October 6, 2006 from counsel for defendant CMS Energy Corporation, but was not obtained.

DATED:  October 6, 2006                          Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

By:     /s/ Marc L. Newman
         E. Powell Miller (P39487)
         Marc L. Newman (P51393)
950 West University Drive, Suite 300
Rochester, Michigan  48307
(248) 841-2200
www.millerlawpc.com
mln@millerlawpc.com

**ELWOOD S. SIMON & ASSOCIATES, P.C.**
Elwood S. Simon
355 South Old Woodward Ave.
Birmingham, Michigan  48009
(248) 646-9730

*Co-Liaison Counsel For Lead Plaintiffs*

2

       **ENTWISTLE & CAPPUCCI LLP**
       Vincent R. Cappucci
       Steven D. Oestreich
       Robert N. Cappucci
       William W. Wickersham
       280 Park Avenue
       New York, New York 10017
       (212) 894-7200

       **MILBERG WEISS BERSHAD &**
         **SCHULMAN LLP**
       Robert A. Wallner
       Clifford S. Goodstein
       Todd Kammerman
       One Pennsylvania Plaza
       New York, New York 10019
       (212) 594-5300

       *Co-Lead Counsel For Lead Plaintiffs*

DOCS\379584v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

———————————————————————x
IN RE CMS ENERGY SECURITIES     : Civil No. 02 CV 72004 (GCS)
LITIGATION                                         : (Consolidated)
                                                           :
                                                           : HON. GEORGE CARAM STEEH
                                                           :
                                                           :
———————————————————————x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
REBUTTAL EXPERT REPORTS OF CYRIL MOSCOW AND DAVID TABAK**

ENTWISTLE & CAPPUCCI LLP
Vincent R. Cappucci
Steven D. Oestreich
Robert N. Cappucci
William W. Wickersham
280 Park Avenue
New York, NY 10017
(212) 894-7200

ELWOOD S. SIMON & ASSOCIATES, P.C.
Elwood S. Simon
355 South Old Woodward Ave.
Suite 250
Birmingham, Michigan 48009
(248) 646-9730

MILBERG WEISS BERSHAD &
SCHULMAN LLP
Robert A. Wallner
Clifford S. Goodstein
Todd Kammerman
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

THE MILLER LAW FIRM, P.C.
E. Powell Miller
Marc L. Newman
950 West University Drive
Suite 300
Rochester, Michigan 48307
(248) 841-2200
www.millerlawpc.com

*Co-Lead Counsel For Plaintiffs*

*Co-Liaison Counsel For Plaintiffs*

October 6, 2006

**Issues Presented**

1. Whether the Court should strike and preclude defendants from relying upon an expert report that, although denominated as a "rebuttal" report, is actually an untimely opening expert report.

2. Whether the Court should strike and preclude defendants from relying upon expert reports that proffer and are based upon legal opinions.

## Most Appropriate Authorities

<u>Untimely and Improper "Rebuttal" Report</u>

Fed. R. Civ. P. 37(c)(1)

*Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003)

<u>Improper Legal Opinions</u>

Fed. R. Evid. 702

*Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997)

*Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985)

Lead Plaintiffs respectfully submit this memorandum in support of their motion, pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 702, to strike the expert rebuttal reports of Cyril Moscow ("Moscow Report") and David Tabak ("Tabak Report") submitted by defendant CMS.[1]

In this action, plaintiffs allege, among other things, that CMS and the individual defendants violated federal securities law by making misrepresentations and omissions concerning round-trip trades. *See generally In re CMS Energy Sec. Litig.*, 2005 U.S. Dist. LEXIS 439 (E.D. Mich. Jan. 7, 2005) (ruling on motion to dismiss).

By Order dated August 24, 2006 (Document 406), the Court extended -- at CMS' request and over plaintiffs' objections -- the date for the submission of opening expert reports of non-accountants to August 25, 2006, and the date for rebuttal expert reports of non-accountants to September 29, 2006.[2] For its non-accountant rebuttal reports, CMS submitted three reports.

The reports include the report of Cyril Moscow, an attorney and adjunct law professor, that addresses two issues: (i) the legal ability, under Michigan law, of directors and officers of a Michigan corporation to rely upon an outside auditor, and (ii) whether defendants' conduct was "reckless" under Sixth Circuit law. *See* Moscow Report §§ IV, VII. The Moscow Report should be stricken for two reasons. First, the report is an untimely opening report, *not* a rebuttal report.

---

[1] Copies of the Moscow and Tabak Reports are annexed hereto as Exhibits A and B, respectively. Plaintiffs are not waiving any other potential objections to these expert reports (or any objections to defendants' other expert reports), including potential challenges under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny. Plaintiffs are filing this motion at this juncture as it may affect the necessity of conducting or the scope of depositions with respect to Moscow and Tabak's rebuttal reports.

[2] Plaintiffs and CMS agreed to adjust the rebuttal expert deadline to October 4, 2006.

Second, the report simply offers legal opinions, which is not a permissible subject of expert testimony.

The Tabak Report, too, contains and relies upon legal analysis.[3] Accordingly, that report likewise should be stricken.

## ARGUMENT

### I. THE MOSCOW REPORT IS NOT A PERMISSIBLE "REBUTTAL" REPORT

Though denominated a "rebuttal" report, the Moscow Report is nothing of the sort. It is not responsive to plaintiffs' opening expert reports; indeed, plaintiffs' opening expert reports offered no legal opinions concerning the issues raised by Moscow. *See generally Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1240-41 (W.D. Wash 2003).

To the extent that Moscow's opinions are appropriately considered in this litigation (they are not), they should have been submitted on August 25, 2006; *i.e.*, the date set by the Court for the service of opening expert reports.[4] Thus, the report should be stricken as untimely under the August 24, 2006 Order. *See Sommer v. Davis*, 317 F.3d 686, 691-92 (6th Cir. 2003) (affirming district court's preclusion of expert witness where plaintiffs articulated no "substantial" justification for their failure to meet expert-disclosure deadline).[5]

---

[3] *See* Tabak Rebuttal Report at 8 n.20, 16, 18 n.34. Tabak is not an attorney.

[4] That date in fact was an adjourned date, set in response (over plaintiffs' objection) to CMS' representation that it needed additional time to submit its opening expert reports. *See* CMS' Emergency Motion for Modification of Scheduling Order (Document 398), dated August 16, 2006.

[5] If the Moscow Report is not stricken, plaintiffs should be granted leave to serve a responsive report.

2

## II. THE MOSCOW AND TABAK REPORTS ARE BASED UPON IMPERMISSIBLE LEGAL OPINIONS

The law is well-established that a witness may not offer legal opinions or conclusions. *See Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("[T]estimony offering nothing more than a legal conclusion -- i.e., testimony that does little more than tell the jury what result to reach -- is properly excludable under the Rules."); *see also Slayton v. Ohio Dep't of Youth Serv.*, 206 F.3d 669, 677 (6th Cir. 2000) ("a district court abuses its discretion when it 'allows a witness to define legal terms, especially terms that carry a considerable amount of legal baggage.'") (quoting *Woods*, 110 F.3d at 1220); *Torres v. County of Oakland*, 758 F.2d 147, 150-51 (6th Cir. 1985) (citing numerous cases);

As the Sixth Circuit has explained, such testimony creates the risk of placing "erroneous, legal standards" before the jury. *Torres*, 758 F.2d at 150. Moreover, it "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law." *Id.* (citation omitted, brackets in original); *see also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 512 (2d Cir. 1977) ("The danger is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge -- surely an impermissible inference in our system of law."). In the end, the testimony does not "assist the trier of fact," *see* Fed. R. Evid. 702, and thus should be precluded.

The Moscow Report consists virtually entirely of legal analysis. Worse yet, it purports to combine Moscow's legal analysis with his legal conclusion that defendants were not "reckless." *See* Moscow Report at p. 8. Such "state of mind" expert opinion by Mr. Moscow[6] (or any other

---

[6] *See also* Moscow Report at 5 ("It was reasonable for CMS and its directors and officers to rely
Footnote continued

3

purported expert) is patently impermissible.  *See Woods*, 110 F.3d at 1221 (affirming lower court's preclusion of expert's testimony about defendant's "deliberate indifference"); *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994).

The Court likewise should strike the Tabak Report.  That report liberally cites (and thus is improperly based upon a lay witness' understanding of) case law.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be granted

DATED:  October 6, 2006                         Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

By:      /s/ Marc L. Newman
         E. Powell Miller (P39487)
         Marc L. Newman (P51393)
950 West University Drive, Suite 300
Rochester, Michigan  48307
(248) 841-2200
www.millerlawpc.com
mln@millerlawpc.com

**ELWOOD S. SIMON & ASSOCIATES, P.C.**
Elwood S. Simon
355 South Old Woodward Ave.
Birmingham, Michigan  48009
(248) 646-9730

*Co-Liaison Counsel For Lead Plaintiffs*

---

upon Arthur Andersen …."); *id.* at 7 ("[T]here is no indication in the facts that this was the result of intentional misconduct or a gross disregard of duties."); *id.* ("There is no indication that CMS consciously intended to issue false and misleading financial statements.").

4

5

        **ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Steven D. Oestreich
Robert N. Cappucci
William W. Wickersham
280 Park Avenue
New York, New York  10017
(212) 894-7200

**MILBERG WEISS BERSHAD &**
  **SCHULMAN LLP**
Robert A. Wallner
Clifford S. Goodstein
Todd Kammerman
One Pennsylvania Plaza
New York, New York  10119
(212) 594-5300

*Co-Lead Counsel For Lead Plaintiffs*

DOCS\379462v1

5

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

- Patrick E. Cafferty pcafferty@millerfaucher.com pecafferty@aol.com

- Robert N. Cappucci rcappucci@entwistle-law.com wwickersham@entwistle-law.com,vcappucci@entwistle-law.com

- Gregory A. Clifton gclifton@durkinmcdonnell.com carrie@durkinmcdonnell.com

- Thomas R. Cox cox@millercanfield.com grainger@millercanfield.com

- Clifford S. Goodstein cgoodstein@milbergweiss.com

- Todd A. Holleman holleman@millercanfield.com lingenfelter@millercanfield.com

- Sheldon H. Klein klein@butzel.com

- Krista L. Lenart klenart@dykema.com chammond@dykema.com

- Daryl A. Libow libowd@sullcrom.com

- Joseph J. McDonnel ljmcdonnell@durkinmcdonnell.com carrie@durkinmcdonnell.com

- Joseph J. Reilly reillyj@sullcrom.com kosae@sullcrom.com

- James K. Robinson jim.robinson@cwt.com

- Richard A. Rossman rossmanr@pepperlaw.com kuschj@pepperlaw.com

- Ryan T. Scarborough rscarborough@wc.com

- Neil A. Steiner neil.Steiner@dechert.com luis.lopez@dechert.com

- Robert A. Wallner rwallner@milbergweiss.com

- Stephen Wasinger sfw@sfwlaw.com ntetreau@kickhamhanley.com

- Michael G. Wilson mgwilson@cmsenergy.com

And I hereby certify that I mailed the foregoing paper to the following non-ECF attorneys:

Steven J. Aranoff
Eric N. Landau
McDermott, Will,
18191 Von Karman Avenue
Suite 500
Irvine, CA 92612-7108

Lewis J. Liman
Cleary, Gottlieb, (New York)
One Liberty Plaza
New York, NY 10006

Elwood S. Simon
Elwood S. Simon Assoc.
355 S. Woodward Avenue
Suite 350
Birmingham, MI 48009

/s/ Marc L. Newman
Marc L. Newman (P51393)
The Miller Law Firm, P.C.
Co-Liaison Counsel For Lead Plaintiffs
950 West University Drive
Suite 300
Rochester, Michigan 48307
(248) 841-2200
www.millerlawpc.com
mln@millerlawpc.com