# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE CMS ENERGY SECURITIES LITIGATION | Civil Action No. 02 CV 72004 (GCS) (Consolidated)<br><br>HON. GEORGE CARAM STEEH |

## ORDER REGARDING DISTRIBUTION OF THE NET SETTLEMENT FUND[1]

**WHEREAS**, on September 6, 2007, this Court entered an Order and Final Judgment approving the terms of the Stipulation and the Plan of Allocation;

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation;

**WHEREAS**, the Stipulation provides that $1,500,000.00 may be expended from the Gross Settlement Fund (Stipulation, ¶ 4(a)), without approval of the Court or Defendants' Counsel, for the reasonable costs and expenses of administering the Settlement;

**WHEREAS**, to date, The Garden City Group, Inc. ("GCG"), the claims administrator, has incurred fees and expenses in the amount of $1,098,942.24 for administering the Settlement and estimates that it will incur an additional $133,380.14 in fees and expenses to pay the remaining administrative costs associated with check distribution and post-distribution follow-up; and

**WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in

---

[1] To the extent they are not defined herein, the meaning of all defined terms is set forth in the Stipulation and Agreement of Settlement, dated May 22, 2007 (the "Stipulation").

connection with the administration and execution of the Settlement and the processing of Proof of Claim and Release forms and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Stephen J. Cirami of The Garden City Group, Inc., and the Memorandum of Law in support of the instant Motion, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the claims administrator, GCG, accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Stephen J. Cirami, including claims submitted after October 15, 2007 through and including June 5, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of GCG rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Stephen J. Cirami, be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that they payment to GCG of the sum of $1,232,322.38 from the Settlement Fund Cash Account, comprised of $1,098,942.24 for fees and expenses incurred to date in connection with performing Settlement administration services and $133,380.14 for fees and expenses to be incurred in connection with check distribution and post-distribution follow-up is approved; and it is further

**ORDERED**, that the payment to the Certified Public Accounting firm of Citrin Cooperman & Company, LLP, the tax accountants for the Gross Settlement Fund, of the sum of $10,110.00 from the Settlement Fund Cash Account, representing $6,110.00 in fees and

expenses incurred to date in connection with services performed with respect to the taxation of the Gross Settlement Fund for the years 2007 and 2008 and an estimated $4,000.00 in additional fees to be incurred, is approved; and it is further.

**ORDERED**, that the balance of the Net Settlement Fund shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Affidavit of Stephen J. Cirami in proportion to the Recognized Claim allocable to each such Authorized Claimants as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [Date 180 days from the date of distribution]." Lead Plaintiffs' Co-Lead Counsel and GCG are authorized to take appropriate action to locate and or contact any Authorized Claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to Authorized Claimants and after reasonable and diligent efforts have been made to have the Authorized Claimants cash their distributions, Lead Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to Authorized Claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that GCG is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the Authorized Claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

**ORDERED**, that no claim submitted after June 5, 2008 may be accepted for any reason whatsoever.

Dated: JUN 27 2008

BY THE COURT:

Hon. George Caram Steeh
United States District Judge

4